David L. Fiol [SBN 203546]
Brent, Fiol & Pratt LLP
1000 4th Street, Suite 750
San Rafael, CA  94901
Telephone:   (415) 259-4420
Facsimile: (415) 373-4420
Email: dfiol@bfplawyers.com

*Attorneys For plaintiff GLENN BERRY*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN BERRY,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO and POLICE OFFICER ANTHONY ASSERETO,<br><br>　　　　Defendants. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. VIOLATION OF 42 U.S.C. § 1983: FOURTH AMENDMENT (EXCESSIVE FORCE)<br>2. VIOLATION OF CALIFORNIA CIVIL CODE §52.1<br>3. BATTERY<br>4. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Glenn Berry, by and through his attorneys, BRENT, FIOL & PRATT LLP, for his Complaint against defendants, states as follows:

**INTRODUCTION**

1. This action arises out of a racially motivated illegal and unconstitutional application of excessive force on plaintiff Glenn Berry (hereafter "Mr. Berry") by officers of the police department of the defendant City and County of San Francisco. It is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution, and the statutory and common law of California.

**JURISDICTION**

2.     Subject matter jurisdiction over the claims stated in this action is founded upon 28 U.S.C. §§ 1331 and 1343(a)(3) and(4), and the aforementioned statutory and constitutional provisions. This Court has pendent jurisdiction over the plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

3.     Plaintiff has filed the state law claims contained herein within the time periods prescribed by California Government Code §§ 911.2 and 945.6. The requisite claim was filed on June 16, 2016, within six months of the incident underlying the claim, and that claim was rejected on July 12, 2016. Each and all of the administrative requirements precedent to bringing suit against these defendants and upon the causes of action set forth herein have been fulfilled.

**INTRADISTRICT ASSIGNMENT**

4.     All of the events and/or omissions complained of herein occurred in the County of San Francisco, and this action is properly assigned to the Oakland or San Francisco Division.

**PARTIES**

5.     Mr. Berry was at all relevant times a 35 year old, law-abiding resident of the City of San Francisco who was employed as a janitor by the Community Housing Partnership at 519 Ellis Street in San Francisco.

6.     Defendant City and County of San Francisco is a public entity established by the laws and Constitution of the State of California, and owns, operates, manages, directs, and controls the San Francisco Police Department, which employs other defendants in this action.

7.     At all times mentioned herein the individual defendants were officers, sergeants, lieutenants, employees and representatives of the Police Department of the defendant City and County of San Francisco. At all times relevant hereto, each of them were acting within the course and scope of their employment by the City and County of San Francisco, and the wrongful acts hereinafter described flow from the very exercise of their authority. They are sued in their individual and personal capacity.

8.     Plaintiff is informed and believes and thereon alleges that each of the defendants

sued herein was responsible in some manner for the events and happenings as hereinafter described, and proximately caused injuries and damages to the plaintiff. Further, one or more currently unidentified defendants also was responsible for the events and happenings as hereinafter described, and proximately caused injuries and damages to the plaintiff.

9. At all material times, each defendant acted under color of the laws, statutes, ordinances, and regulations of the State of California and the United States.

### GENERAL ALLEGATIONS

10. On February 2, 2016, at or about 12:45 pm, Plaintiff Glenn Berry was near the end of his lunch break and was speaking with a fellow employee while standing in front of his place of employment, the Community Housing Partnership at 519 Ellis Street in San Francisco.

11. Unbeknownst to Plaintiff, a mentally unstable individual who had accosted him on the street placed a call to 911 falsely reporting that the plaintiff was carrying a weapon, and several officers of the San Francisco Police Department, including defendant Officer Anthony Assereto, responded to the call.

12. Without anything other than the unverified claim of an individual whose veracity was completely unknown, Officer Assereto approached Plaintiff Berry with a drawn gun and demanded that Plaintiff Berry get on the ground. Plaintiff began to comply with the order, but before he had the time to do so, Officer Assereto kicked Plaintiff Berry onto the ground and continued to kick and stomp on him, even after he was restrained by other officers. Other officers whose identities are currently unknown to plaintiff Berry joined in kicking Plaintiff Berry, and also pushed and kicked the fellow employee that Plaintiff Berry had been speaking to as she attempted to tell them that Plaintiff Berry had no gun.

13. At no point did Plaintiff Berry physically resist arrest or ignore the directions given to him.

14. Notwithstanding Plaintiff's Berry's total compliance with the directions given to him, as other officers held Plaintiff Berry on the ground, Officer Assereto dishonestly shouted to Plaintiff Berry that he had better stop resisting, or he would shoot him, putting Plaintiff Berry in

fear for his life and causing him to suffer severe emotional distress.

15. Plaintiff Berry was not carrying a gun at the time of the aforementioned incident.

16. When he visited the precinct station after the incident to file a complaint about the physical assault committed by defendant Assereto and the other officers, Plaintiff Berry fortuitously passed near Officer Assereto, who proceeded to insult and belittle Plaintiff Berry.

**FIRST CAUSE OF ACTION UNDER 42 U.S.C. § 1983 FOR UNREASONABLE USE OF FORCE IN VIOLATION OF THE FOURTH AMENDMENT (PERSONAL CAPACITY), AGAINST DEFENDANT ANTHONY ASSERETO**

17. Plaintiff Berry re-alleges each and every paragraph as if fully set forth herein.

18. Defendant Assereto, as well as several officers whose identities are currently unknown, acting under claim of governmental authority, used unreasonable, excessive force in detaining plaintiff Glenn Berry, violating Plaintiff Berry's rights under the Fourth Amendment of the United States Constitution, and causing Mr. Berry serious pain and suffering and physical and emotional injuries.

19. As a result of the aforementioned defendants' unlawful conduct Plaintiff Berry suffered economic losses, great humiliation, embarrassment, and mental suffering, all to Plaintiff Berry's damage.

20. Plaintiff Berry is entitled to seek damages suffered as a result of the above-described conduct pursuant to 28 U.S.C. §§ 1983 and 1988.

21. The aforementioned individual defendants acted maliciously and with wanton disregard of Plaintiff Berry's rights and feelings for which Plaintiff Berry seeks punitive damages.

**SECOND CAUSE OF ACTION
UNDER CALIFORNIA CIVIL CODE § 52.1
AGAINST ALL DEFENDANTS**

22. Plaintiff Berry re-alleges each and every paragraph as if fully set forth herein.

4

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL

23. Using threats, intimidation, and coercion, the defendants interfered with Plaintiff Berrys' rights and privileges secured under the Fourth Amendment and the Fourteenth Amendment to the United States Constitution, and the laws of the State of California and the California Constitution.

24. Defendants subjected Plaintiff Berry to Defendants' wrongful conduct, depriving Plaintiff Berry of rights described herein, knowingly, maliciously, and/or with conscious and reckless disregard for whether the rights and safety of Plaintiff Berry would be violated by their acts and/or omissions.

25. As a direct and proximate result of Defendants' acts and/or omissions as set forth above, Plaintiff Berry sustained injuries and damages as set forth above.

26. The conduct of Defendants entitles Plaintiff Berry to an award of actual damages, punitive damages up to three times actual damages, a civil penalty of $10,000, and attorneys' fees and costs pursuant to California Civil Code §§ 52 and 52.1.

## THIRD CAUSE OF ACTION
## FOR BATTERY AGAINST ALL DEFENDANTS

27. Plaintiff Berry re-alleges each and every paragraph as if fully set forth herein.

28. Defendant Anthony Assereto intended to and did cause violent and offensive physical contact with Plaintiff Berry's person when he kicked and beat Plaintiff Berry without provocation or justification.

29. Plaintiff Berry did not consent to the violent and offensive contact by defendant Assereto.

30. The aforementioned violent and offensive acts by the individual defendant was committed by him while he was in the course and scope of his employment by the defendant City and County of San Francisco.

31. Defendant City and County of San Francisco is liable for the aforementioned actions of its co-defendant employee by operation of law.

32. As a proximate result of those defendants' intentional and wrongful conduct, Plaintiff Berry suffered economic and non-economic damages, including by not limited to

physical pain and suffering, emotional distress, loss of ability to work and lost earnings, and medical expenses.

### FOURTH CAUSE OF ACTION FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS AGAINST ALL DEFENDANTS

33.    Plaintiff Berry re-alleges each and every paragraph as if fully set forth herein.

34.    The conduct of defendant Anthony Assereto in threatening to shoot Plaintiff Berry in the back, and in ridiculing and belittling Plaintiff Berry when Plaintiff Berry exercised his right as a citizen to complain about police misconduct, was outrageous, especially considering that the conduct was that of a peace officer sworn to protect the public, and the conduct was designed to and did inflict severe emotional distress on Mr. Berry.

35.    The aforementioned conduct constituted oppression and/or malice as defined in Civil Code section 3294.  Mr. Berry should recover, in addition to actual damages, damages to make an example of and to punish the defendant, because his conduct as a peace officer sworn to uphold the law and protect the public was despicable, and was done with a willful and knowing disregard of the rights and safety of Mr. Berry, leading to the injuries and damages suffered by Mr. Berry.

WHEREFORE, Plaintiff Berry prays for judgment as follows:

(1) For general damages, including to compensate him for emotional distress, pain and suffering, according to proof at the time of trial,

(2) For special damages, including loss of earnings and the cost of medical care, according to proof at the time of trial;

(3) For punitive and exemplary damages as against the individual defendant as indicated above, commensurate with the acts complained of herein;

(4) For other damages. penalties, costs, interest, and attorney fees as allowed by 42 U.S.C. §§ 1983 and 1988, and as otherwise may be allowed by federal law;

(5) For actual damages, punitive and exemplary damages, a civil penalty of $25,000, and attorneys fees pursuant to California Civil Code § 52.1, and

///

(6) For such other and further relief and damages as the Court may deem just and proper.

Dated:  January 5, 2017							BRENT, FIOL & PRATT LLP

By:_____
David L. Fiol

**DEMAND FOR JURY**

Plaintiff Berry hereby requests a trial by jury.

Dated:  January 5, 2017							BRENT, FIOL & PRATT LLP

By:_____
David L. Fiol

COMPLAINT FOR DAMAGES; DEMAND FOR JURY TRIAL