UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GLENN BERRY,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO, et al.,<br><br>　　　　　Defendants. | Case No.17-cv-00056-EDL<br><br>**ORDER THAT XASHA WASHINGTON APPEAR ON OCTOBER 23, 2017 TO SHOW CAUSE WHY SHE SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO COMPLY WITH A SUBPOENA TO APPEAR FOR A DEPOSITION**<br><br>Re: Dkt. No. 35 |

On August 30, 2017, Plaintiff filed an ex parte letter requesting the Court's assistance in compelling Xasha Washington, a non-party witness, to appear for a deposition, including holding Ms. Washington in contempt of court. For the reasons discuss below, the Court construes Plaintiff's ex parte request as a request for an order to show cause why Ms. Washington should not be held in contempt of court. For good cause shown, the Court orders Ms. Washington to appear before this Court on October 23, 2017 at 10:00 a.m. to show cause why she should be held in civil contempt for failure to appear at her deposition.

**I.　BACKGROUND**

Plaintiffs contend that Ms. Washington is the sole known witness to the incident at issue in this case. Dkt. No. 33. Plaintiff served Ms. Washington with a deposition subpoena on August 13, 2017, demanding an appearance at Plaintiff's counsel's office in San Francisco at 10:00am on August 28, 2017. Id. Plaintiff had the subpoena personally served on Ms. Washington on August 13, 2017. Id. Plaintiff represents that, at the time of service, Ms. Washington expressed some opposition to testifying, stating, "I do not testify." Id.

Ms. Washington did not appear for her deposition on August 28, 2017. Dkt. No. 33. In

response, Plaintiff, joined by Defendants, filed a letter on August 30, 2017 informing the Court of Ms. Washington's non-compliance. Id. The letter requested that the Court issue an order directing Ms. Washington to comply with the subpoena or hold her in contempt pursuant to Rule 45(g). Id. On August 8, 2017, the Court issued an order directing Ms. Washington to appear for a deposition by October 3, 2017 and explaining that her failure to submit to a deposition may lead to the Court holding her in contempt of court. Dkt. No. 34.

On September 28, 2017, Plaintiff filed another letter informing the Court that Ms. Washington has continued to disregard her obligation to appear for the deposition. Dkt. No. 35. After receiving the Court's September 8 order, Plaintiff served the order on Ms. Washington by mail. Id., Ex. 1. Plaintiff also attempted personal service, and the process server made seven unsuccessful attempts to serve the order. Id., Ex. 2. Plaintiff's letter asks the Court to take further steps to compel Ms. Washington to appear for the deposition, including finding her in contempt of court and imposing a monetary sanction to be waived if she appears by a certain date. Id. Plaintiff also asks that the Court direct the United States Marshal to serve the resulting order on Ms. Washington. Id. Defendants did not join in this most recent letter to the Court. Id.

## II. DISCUSSION

### A. Sufficiency of Subpoena and Service

A subpoena served pursuant to Federal Rule of Civil Procedure shall "command each person to whom it is directed to attend and given testimony or to produce and permit inspection and copying of designated books, documents or tangible things in the possession, custody or control of that person." Fed. R. Civ. P. 45(a)(1)(A)(iii). Every deposition subpoena must state the court from which it issued, state the title of the action and its civil-action number, specify to each person to whom it is directed the time and place set for the deposition, and set out the text of Rule 45(d) and (e). Fed. R. Civ. P. 45(a)(1)(B)(i)-(iv). A subpoena commanding a deposition must also set forth the method for recording the testimony. Fed. R. Civ. P. 45(a)(1)(B). Serving a subpoena requires "delivering a copy to the named person," which is interpreted to mean personal service. Fed. R. Civ. P. 45(b)(1). See Prescott v. Cnty. Of Stanislaus, 2012 WL 10617, at *3 (E.D. Cal. Jan. 3, 2012) (explaining that a majority of courts interpret "delivering" to require

1 personal service).

As described above, the subpoena contained all required information (such as the time and place of the deposition) and was personally delivered to Ms. Washington on August 13, 2017. Thus, the subpoena was valid and properly served on Ms. Washington.

### B. Sanctions for Non-Compliance with Valid Subpoena

Plaintiff has filed an ex parte request that the Court take further action to compel Ms. Washington's compliance with the subpoena, including holding Ms. Washington in contempt of court. For the reasons discussed below, the Court construes this as a request to issue an order to show cause why Ms. Washington should not be held in contempt of court for her refusal to appear for a deposition.

Rule 45(e), (g) allows a court to "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). See also Pennwalt Corp. v. Durand-Wayland, Inc., 708 F.2d 492, 494 (9th Cir. 1983). Proper subpoenas issued by attorneys on behalf of the court are treated as orders of the court. See United States Sec. & Exh. Comm'n v. Hyatt, 621 F.3d 687, 696-97 (7th Cir. 2010); Martinez v. City of Pittsburg, 2012 WL 699462, at *2 (N.D. Cal. Mar. 1, 2012). Because Ms. Washington is a nonparty, the proper procedure for seeking compliance with the deposition subpoena is an order to show cause why she should not be held in contempt because a "nonparty has a right to be heard in a meaningful fashion." Martinez, 2012 WL 699462, at *2. See Hyatt, 621 F.3d at 696-97; Fisher v. Marubeni Cotton Corp., 526 F.2d 1338, 1342 (8th Cir. 1975); Morgutia-Johnson v. City of Fresno, 2015 WL 1021123, at *2 (E.D. Cal. Mar. 9, 2015).

A contempt charge against a nonparty may be criminal or civil in nature. See Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 778 (9th Cir. 1983). Criminal contempt is punitive, and may include fines payable to the district court (instead of compensating the moving party) and jail time. See In re Sequoia Auto Brokers LTD, Inc., 827 F.2d 1281, 1283 n.1 (9th Cir. 1987); 18 U.S.C. § 401.

On the other hand, "civil contempt is characterized by the court's desire to compel obedience to a court order or to compensate the contemnor's adversary for the injuries which

3

result from the noncompliance." Falstaff Brewing Corp. v. Miller Brewing Co., 702 F.2d 770, 778 (9th Cir. 1983). A civil contempt order must include a "purge" condition such that it gives the contemnor an opportunity to comply with the order before payment of the fine or other sanction comes due. Martinez, 2012 WL 699462, at *3 (citing De Parcq v. U.S. District Court for the S. Dist. of Iowa, 235 F.2d 692, 699 (9th Cir. 1956) ("[C]ivil contempt is conditional in nature and can be terminated if the contemnor purges himself of the contempt."). In imposing civil contempt sanctions, the court must impose the least possible sanction to coerce the contemnor to comply with the order. Whittaker Corp. v. Execuair Corp., 953 F.2d 510, 517 (9th Cir. 1992). Where the purpose of the contempt order is to ensure a party's compliance, the court must "consider the character and magnitude of the harm threatened by continued contumacy, and the probable effectiveness of any suggested sanction in bringing the result desired." Bademyan v. Receivable Management Servs. Corp., 2009 WL 605789, at *3 (C.D. Cal. Mar. 9, 2009) (quoting United States v. United Mine Workers of Am., 330 U.S. 258, 304 (1947) and citing Whittaker, 953 F.2d at 516).

Based on the sanctions requested, Plaintiff has asked the Court to hold Ms. Washington in civil contempt. To establish civil contempt, Plaintiff must show by clear and convincing evidence that Ms. Washington violated a specific order of the court. See FTC v. Affordable Media, 179 F.3d 1228, 1239 (9th Cir. 1999). If Plaintiff meets that burden, the burden shifts to Ms. Washington to show that she took every reasonable step to comply with the subpoena and to articulate reasons why compliance was not possible. See Donovan v. Mazzola, 716 F.2d 1226, 1240 (9th Cir. 1983).

As discussed above, Plaintiff has established that Ms. Washington violated a specific order of the Court by failing to appear for her deposition on August 28, 2017, as well as the Court's further order of September 8, 2017 that she must comply with the subpoena. Accordingly, Plaintiff's request for an order to show cause is granted.

### III. CONCLUSION

For the reasons set forth above, it is hereby ordered that:

4

1. Plaintiff's request for an order to show cause is GRANTED.

2. Ms. Washington shall appear before the Court on October 23, 2017, at 10:00 a.m., in Courtroom E, 15th Floor, United States District Court, 450 Golden Gate Avenue, San Francisco, California, 94102 to SHOW CAUSE why she should not be held in contempt for her failure to comply with the subpoena and appear for her deposition;

3. Should Ms. Washington arrange with Plaintiff's counsel (David Fiol of Brent, Fiol & Pratt LLP, 1000 4th Street, Suite 750, San Rafael, California 94901, 415-259-4420) to appear for a deposition prior to October 23, 2017, the parties shall notify the Court immediately, and the October 23, 2017 show cause hearing will be vacated and Ms. Washington will not need to appear;

4. Plaintiff shall file a brief letter update by October 20, 2017 indicating whether Ms. Washington has submitted to a deposition as of that date;

5. Failure to comply with this order to show cause may subject Ms. Washington to contempt sanctions, including monetary sanctions; and

6. The United States Marshal is directed to serve this order on Ms. Washington at 1806 Franklin St., Apt. B, Berkeley, California 94702 as soon as possible.

**IT IS SO ORDERED.**

Dated: October 5, 2017

_Elijah D. Laporte_
ELIZABETH D. LAPORTE
United States Magistrate Judge